## LINDSEY v. ALLEN, Atty. Gen. of Massachusetts, et al.

(District Court, D. Massachusetts. September 21, 1920.)

No. 1019.

1. **Physicians and surgeons ☞5(1)—Malice of registration board immaterial, if applicant was not entitled to register.**

In a suit to compel the state registration board to register plaintiff as a physician and surgeon, the alleged malice of the board in denying registration is immaterial, if under the state law plaintiff was not entitled to registration.

2. **Physicians and surgeons ☞5(1)—Under Massachusetts statute, registration without examination three years after enactment is prohibited.**

The provision of St. Mass. 1894, c. 458, § 3, authorizing registration of practitioners of medicine on payment of a fee of $1, was limited by section 8 of the same act, requiring examination of all applicants on and after January 1, 1895, so that a previous practitioner, who did not apply for registration until 1898, was not entitled to registration without examination.

3. **Injunction ☞109—Malice of board in prosecuting physician for practicing without license immaterial.**

In a suit to restrain the prosecution of plaintiff for practicing medicine without a license, the alleged malice of the registration board in instituting numerous prosecutions against plaintiff in the state courts, while permitting others to practice who had never passed examination, was immaterial, if plaintiff was guilty as charged in the prosecutions, and there was no showing that the act was being administered in an unconstitutional way.

4. **Physicians and surgeons ☞1—State has power to except certain classes from operation of Medical Registration Act.**

The exception from the operation of the Massachusetts statute for the registration of physicians and surgeons of some classes of practitioners that many would regard as swindlers does not exceed the power of the state to embody its own convictions and policies in its laws.

5. **Courts ☞508(7)—State prosecutions under unconstitutional statute cannot be enjoined, if question can be raised therein.**

The federal court will not interfere with prosecutions in the state courts, where there is no impediment interposed to the raising in those

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prosecutions of any defense which accused may have, or may think he has, under the Constitution of the United States.

6. **Courts** ⊶508(7)—**In prosecution, stipulation not to practice medicine held not ground for enjoining subsequent prosecutions.**

A stipulation by accused not to engage in the illegal practice of medicine, entered in a prior prosecution for that offense, would not preclude accused from attacking the state statute as contrary to the United States Constitution in a subsequent prosecution, and so such stipulation is not ground for injunction by the United States courts against prosecutions.

In Equity. Bill for injunction by Willard M. Lindsey against J. Weston Allen, Attorney General of Massachusetts, and others. Motion for injunction denied, and bill dismissed.

Hector M. Hitchings, of New York City, and Henry N. Rice, for plaintiff.

Arthur E. Seagrave, Asst. Atty. Gen., of Massachusetts, for defendants.

Before HOLMES, Circuit Justice, ANDERSON, Circuit Judge, and MORTON, District Judge.

HOLMES, Circuit Justice. This is a bill in equity brought against the Attorney General of Massachusetts, two District Attorneys of the same State and the members of its Board of Registration. The prayers are that the Board be ordered to convene and to issue to the plaintiff a license to practise medicine upon payment by the latter of the statutory fee of one dollar; that all the defendants be restrained from maintaining any criminal or other proceedings against the plaintiff because of his practicing medicine and prefixing Dr. or affixing M. D. to his name without a license or on the ground of his character; that it may be declared that the plaintiff has a vested right to practise medicine and to call himself Dr. and M. D. of which' he cannot be deprived by a Massachusetts statute; and that it also may be declared that the patenting and sale of his medicines under the laws of the United States cannot be prevented by any act of the defendants or law of the State.

By Chapter 458 of the Acts of 1894 the State Board of Registration was established with the duty to examine applicants and to issue certificates to those who passed the examination and complied with the provisions of the Act. By section 3 every person who had been a practitioner of medicine continuously for a period of three years next prior to the passage of the Act, upon payment of a fee of one dollar was entitled to registration and a certificate, but by section 8, on and after January 1, 1895, all applicants were to be examined, thus allowing a little less than seven months for the operation of section 3, as the act was approved on June 7, 1894. The Statute was amended by Chapter 230 of the Acts of 1896, and the two with some further modifications were taken up into Chapter 76 of the Revised Laws of the State.

The bill alleges that the plaintiff had practised medicine for more than eight years before the passage of the Act of 1894, calling himself Dr. and M. D., that he did not know of the Statute until January, 1898,

⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
269 F.—42

and then tendered a dollar to the Board and demanded a certificate which was refused. It also alleges that he continued to practise without molestation until 1914, and had discovered remedies of which it is enough to say that they are alleged to cure tuberculosis, blood clots, fistulas, cancers, gallstones, and syphilis. Since 1914, he has been convicted several times of practising medicine without a license, etc., and fined under the penal provisions of the Statutes and in one case pleaded nolo contendere and "was discharged upon entering into a stipulation 'to never again engage in the illegal practice of medicine.'" He had applied several times to the Board for a license, demanding it as of right, not offering to submit to the statutory examination, but the Board has rejected the applications and, it is alleged, has then maliciously caused the above mentioned criminal proceedings to be instituted against him. There are extensive allegations of the merits of the plaintiff and the demerits of the Board which it is unnecessary to state more at length. There is no allegation that the sale of the plaintiff's compounds has been or will be interfered with apart from his attempt to style himself Dr. or M. D. Affidavits are filed in support of the above allegations. The case came on before us on a motion by the plaintiff for a preliminary injunction and a counter motion by the defendants that the bill be dismissed. An answer has been filed containing a demurrer, and the plaintiff admitted at the hearing that the bill should be dismissed if in our opinion it could not be maintained upon the pleadings and affidavits introduced.

[1-4] We say that the charges of malice and improper motives against the Board are immaterial, even if otherwise sufficient, because, whatever may have been the animus of its members, it was its plain duty under the statute to refuse a demand for a certificate without examination, when the demand was not made until 1898. Section 8 limited the operation of section 3, and even if the time allowed was short, the plaintiff was not entitled to wait three years. As to the prosecutions, it seems that the plaintiff was guilty under the act and here again the motives for instituting them were immaterial. It is alleged that the Board permitted others to practise who had never passed an examination, but nothing sufficient appears to show that the act is administered in an unconstitutional way. We perceive no valid ground open on the bill for contesting the constitutionality of the Act. As to the plaintiff's right to call himself M. D. and to practise medicine it is enough to say that the law gave him a fair chance to preserve the supposed rights and that he let it go by. Whether M. D. does not convey the implication that the person affixing those letters to his name has received a degree from an authorized source and therefore was in this case a fraud in contemplation of law, we need not consider. The exception from the operation of the statute of some classes of practitioners that many people would regard as swindlers does not go beyond the right of the State to have its own convictions and its own policy and to embody them in law.

[5, 6] In view of what we have said it is enough to add that at least there is no such clear infraction of the plaintiff's rights or impediment to his asserting any defence that he may think he has under

the Constitution of the United States if he is indicted again as to warrant this court's interfering with the regular processes of justice in the State. There is no deterrent. The stipulation above mentioned, even if it was more than an understanding outside the record, which does not appear, would present no obstacle to any defence upon a new indictment, probably would be disregarded for all purposes if the statute should be held unconstitutional, and whatever its effects, was the act of the plaintiff not of the Statute. If this bill should be entertained any criminal might seek an injunction in the courts of the United States to prevent the regular administration of the State laws whenever a question as to their constitutionality could be raised. Here however we see no ground for even a reasonable doubt that on the questions before us the Act was within the power of the State.

Motion for injunction denied.

Bill dismissed with costs.